# Richardson v. The State.

## *Indictment for Murder.*

1.  *Homicide; admissibility of evidence as to threats.*—On a trial under an indictment for murder, where it is shown that the killing occurred early Tuesday morning, testimony that on the Monday before the killing the defendant threatened to kill the deceased, is admissible as tending to show that the defendant bore malice towards the deceased and was actuated by malice in killing him.

2.  *Same; charge as to self defense.*—On a trial under an indictment for murder, a charge seeking to instruct the jury as to self defense, but which ignores the question as to whether the defendant was impelled to shoot the deceased by the belief reasonably engendered by the circumstances that it was necessary to do so in order to save himself from the then impending danger of great bodily harm, is erroneous and properly refused.

3.  *Same; general affirmative charge.*—On a trial under an indictment for murder, even though there is no conflict in the evidence, but there is evidence tending to show the defendant bore malice towards the deceased, and was actuated by malice in shooting him, the question as to whether or not the defendant was guilty of murder is one for the determination of the jury, and therefore charges which instruct the jury that if they "believe the evidence they can not find the defendant guilty of murder in the second degree," and that "if the jury believe the evidence in this case they will find the defendant not guilty of murder in

[Richardson v. The State.]

the second degree," and that "if the jury believe the evidence in this case they will find the defendant not guilty," are erroneous and properly refused.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. A. A. EVANS.

The appellant, Ulus Richardson, was indicted and tried for the murder of Henry Saint George by shooting him with a gun, was convicted of murder in the second degree and sentenced to the penitentiary for twenty-five years.

On the trial of the cause there was no conflict in the evidence as to how the killing occurred, and the facts as shown by the bill of exceptions were as follows: The defendant and one Bishop Drake, the only eye witness to the difficulty, were sleeping in a one room log cabin, the only opening of which was the door. There were no windows and the only mode of ingress and egress was the door. The door was fastened by a stick being propped against the door and one end against the floor. About sun up the defendant and Bishop Drake, who was sleeping with the defendant, was aroused by some one breaking in the door, which was the deceased. The deceased forced an entrance into the room by breaking the stick which propped the door. The deceased entered with a knife open in his hand and said to the defendant: "What did you let them white men have my chairs for," to which the defendant replied, "Because you left them with me to give them if you didn't pay them the debt." The deceased then said to the defendant, "Yes, and now God damn you, I am going to kill you this morning, or you have got to kill me." The defendant said, "Stand back Henry, stand back Henry," at the same time grabbing his gun, which was on a shelf over the head of the bed. The deceased made a motion as if to cut the defendant with his knife when the defendant shot, hitting the deceased in the throat and on the chin, from which wound he died about two days later. As soon as the defendant shot he jumped out of bed and ran down to Susser's house, about a quarter of a mile off, pursued by the deceased with a stick in his hands.

[Richardson v. The State.]

The State introduced evidence that the defendant threatened to kill the deceased on Monday night before the difficulty, at about 8 o'clock, to which evidence the defendant duly excepted, and moved the court to exclude the same. The court overruled the said objection and motion, to which action on the part of the court the defendant then and there duly excepted. The defendant introduced evidence that he had made no threats against the deceased previous to the difficulty. The State introduced evidence to show that the house was both the house of the deceased and the defendant. The defendant introduced evidence to show that the house was his and that the deceased had nothing to do with it, but only stayed there some times at the request of the defendant. The defendant introduced evidence of his good character and the bad character of the deceased for peace and quiet.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "I charge you, gentlemen of the jury, that if you believe from the evidence that Henry Saint George broke into the house of Ulus Richardson and assaulted him with an open knife, the defendant was under no duty to retreat, but had the right to defend himself to the extent of killing his assailant." (2.) "If the jury believe the evidence in this case they can not find the defendant guilty of murder in the second degree." (3.) "If the jury believe the evidence in this case they will find the defendant not guilty."

No counsel marked as appearing for appellant.

CHAS. G. BROWN, Attorney-General, for the State.

SHARPE, J.—Evidence that on the Monday before the killing defendant threatened to kill the deceased, was admissible as tending to show that defendant bore malice towards the deceased and was actuated by malice in shooting him.

Whether in shooting the deceased defendant was acting justifiably in self-defense, was under the whole ev-

idence a question for the jury depending in part on whether he was impelled to shoot by a belief, reasonably engendered by the circumstances, that it was necessary to do so in order to save himself from a then impending danger of great bodily harm. This inquiry was improperly ignored by the first charge refused to defendant.

The evidence was such as to require the question of whether defendant was guilty of murder to be submitted to the jury, and, therefore, charges 2 and 3 were properly refused.

Other than these, the bill of exceptions presents no question for review, and no error is found in the record proper.

Judgment affirmed.